|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| NORTHWEST CARPENTERS HEALTH AND SECURITY TRUST; NORTHWEST CARPENTERS RETIREMENT TRUST; NORTHWEST CARPENTERS VACATION TRUST; and CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND OF WASHINGTON-IDAHO,<br><br>Plaintiffs,<br><br>v.<br><br>BEISLEY ENTERPRISES LLC, a Washington limited liability company; and LISHA BEISLEY, an individual,<br><br>Defendants. | Case No. 2:24-cv-00819-JHC<br><br>ORDER ON MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT BEISLEY ENTERPRISES LLC |

Before the Court is Plaintiffs' motion for entry of default judgment against Defendant Beisley Enterprises, LLC. Dkt. # 13. The Court has considered Plaintiffs' motion and supporting papers, as well as the pleadings, files, and court records in this matter, as well as the governing law.

Being otherwise fully advised, the Court rules as follows:

1. The Court has jurisdiction over the subject matter of this action and the parties. Also, venue is proper before the Court.

2. Courts typically consider these "*Eitel* factors" when evaluating a request for a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The Court agrees with Plaintiffs' analysis of the *Eitel* factors as set forth in the motion, and the conclusion that a majority of those factors weigh in support of entry of default judgment. *See* Dkt. # 13 at 5-6.

3. Thus, the Court GRANTS the motion.

4. Defendant Beisley Enterprises LLC is liable to the Plaintiffs under ERISA and under the terms of the applicable written trust agreements.

5. Defendant Beisley Enterprises LLC is ordered to provide Plaintiffs with its monthly remittance reports for the months of January through October 2024 within thirty (30) days of this order.

6. The Court retains jurisdiction for Plaintiffs to reopen this matter and seek entry of an amended judgment once Defendant Beisley Enterprises has provided the delinquent remittance reports.

7. The Court defers consideration of any award of reasonable attorney fees and costs under 29 U.S.C. §1132(g)(2)(D) and the terms of the applicable Trust Agreements.

Dated: November 25, 2024.

John H. Chun
United States District Judge